# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shaun Darnell Garland, ) | No. CV 1-07-00750-DCB |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Michael Knowles, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I.   Background

Plaintiff Shaun Darnell Garland, who is confined in the Calipatria State Prison in Calipatria, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. # 1). This case was reassigned to the undersigned judge on November 24, 2008 (Doc. # 8). In an October 16, 2009 Order, the Court dismissed Plaintiff's Complaint with leave to amend and allowed Plaintiff to file a First Amended Complaint (Doc. # 9). After seeking an extension of time to comply with the October 16 Order, Plaintiff filed his First Amended Complaint on January 4, 2010 (Doc. # 14).

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

1 | be granted, or that seek monetary relief from a defendant who is immune from such relief.
2 | 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

///
///

### III. First Amended Complaint

As the Court previously informed Plaintiff, all causes of action alleged in Plaintiff's original Complaint are waived if they are not alleged in his First Amended Complaint. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's First Amended Complaint with respect to only those Defendants specifically named in the First Amended Complaint.

In his two-count First Amended Complaint, Plaintiff sues the following individuals: (1) Kern Valley State Prison (KVSP) Warden Roy Castro; (2) KVSP Correctional Officer J. Mosqueda; (3) KVSP Institutional Gang Investigator J. Yerena; (4) KVSP Institutional Gang Investigator Crum; (5) KVSP Correctional Officer Prouty; (6) KVSP Correctional Officer Phillips; (7) KVSP Correctional Officer J. Bonilla; (8) KVSP Correctional Officer Heberle; and (9) KVSP Correctional Officer R. Borbon.

In Count I, Plaintiff alleges that on February 16, 2006, he filed a civil rights action (CV 1:06-00198-OWW-GSA), which precipitated a series of retaliatory acts by Defendants. Specifically, Plaintiff claims that on February 24, 2006, Mosueda searched his cell and confiscated his property. On March 4, 2006, Yerena and Crum returned Plaintiff's property, but a photograph was damaged and his legal property was in disarray. On March 28, 2006, Plaintiff wrote a complaint to Warden Castro to let him know about the "monitors/surveillance, counter intelligence operations implemented against Plaintiff" (Doc. # 14 at 5). On August 16, 2006, Prouty and Phillips searched Plaintiff's cell and confiscated a book. Finally, on September 22, 2006, Bonilla and Heberle searched Plaintiff's cell and removed nine ink pens.

In Count Two, Plaintiff presents an Eighth Amendment claim for excessive force. Specifically, Plaintiff claims that Borbon used a cell door to clamp Plaintiff's arm against the door jamb for a full minute before releasing his arm.

///

## IV. Failure to State a Claim

### A. Count I

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not narrowly tailored to advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").

All of Plaintiff's claims of retaliation in Count I fail. He alleges no facts to support that any named Defendant was aware of the lawsuit Plaintiff filed on February 16, 2006, or that any other protected activity by Plaintiff caused their subsequent retaliatory actions. Because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 129 S. Ct. at 1949, and Plaintiff fails to allege any facts to support that Defendants' actions were *because of his* protected conduct, Count I must be dismissed for failure to state a claim.

### B. Conspiracy

Plaintiff also makes references to a conspiracy among Defendants to retaliate against him and violate his constitutional rights. In the absence of a specific allegation of "an agreement or meeting of the minds," a plaintiff's conclusory allegations that persons conspired against him will "not support a claim for violation of his constitutional rights under § 1983." Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff fails to state a claim because he has presented no specific facts to support his claim that Defendants entered into a conspiracy. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988) (the mere allegation of conspiracy without factual specificity is insufficient). Allegations of conspiracy must be supported by material facts,

1 not mere conclusory statements. Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983); see also, Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Manis v. Sterling, 862 F.2d 679, 681 (8th Cir. 1988) (allegations of conspiracy must be pled with sufficient specificity and factual support to suggest a "meeting of the minds").

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. at 268. Accordingly, Plaintiff's conspiracy claim will be dismissed.

**V.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a claim in Count Two for excessive force against Borbon and he will be required to answer.

**VI.   Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

///

**IT IS ORDERED:**

(1) Count I is **dismissed** without prejudice.

(2) Defendants Castro, Mosqueda, Yerena, Crum, Prouty, Phillips, Bonilla, and Heberle are **dismissed** without prejudice.

(3) Defendant Borbon must answer Count Two.

(4) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. # 14), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of a summons and USM-285 form for Defendant Borbon.

(5) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(6) Plaintiff must not attempt service on Defendant and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(7) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 16th day of February, 2010.

David C. Bury
United States District Judge