IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Shaun Darnell Garland,

    Plaintiff,

vs.

Warden M. Knowles, et al.,

    Defendants.

No. 1:07-CV-750-DCB

**ORDER**

    Pending before the Court is a motion, filed by the Plaintiff on November 15, 2010, for the Court to issue a subpoena for records from Kern Valley State Prison, which is the facility where the alleged assault (Eighth Amendment violation) by Defendant Borbon occurred and where the Defendant Borbon works. The Plaintiff has been transferred to a different facility, the Los Angeles County State Prison. The Plaintiff also seeks leave of the Court to conduct the Defendant Borbon's deposition by remote means, if such is available.

    The Defendant has not filed a response, but it appears that the Plaintiff did not send a copy of these requests to the Defendant.

    Pursuant to Fed. R. Civ. P.45(a)(3), the Plaintiff is entitled to subpoenas issued by Clerk. Subpoenas, signed but otherwise in blank, will be sent to the Plaintiff for his use in the discovery process. Plaintiff is entitled to take the Defendant's deposition by oral examination, Fed. R. Civ. P.30, or written examination, Fed. R. Civ. P.31.

    It appears that the Plaintiff believes discovery requests in general, and depositions in particular, are arranged by the court. They are not. The Plaintiff is responsible for arranging

for his depositions, serving appropriate notice, and complying with all of the requirements of the Federal Rules of Civil Procedure. In particular, the Plaintiff is responsible for the fees and costs associated with the deposition. *See*, *e.g.*, Fed. R. Civ. P. 45(b)(1). The court is not responsible for the costs of the Plaintiff's discovery. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (finding that 28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses). Except, Plaintiff is entitled to have an officer of the court *serve* his subpoena. 28 U.S.C. § 1915(d). If the Plaintiff would like the court to do so, he should return to the Court his completed subpoena and any appropriate witness fee. *See* Fed. R. Civ. P.45(b)(1).

The Court notes, however, that the use of subpoenas is not necessary for documents which are discoverable, pursuant to the Federal Rules of Civil Procedure. Discovery may be obtained of "any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.26(b)(1). Documents and things in the "possession, custody or control of the party upon whom the request is served" are subject to disclosure. Fed. R. Civ. P.34(a). The prison logs, which appear to be the subject of the request for the subpoena, may be discoverable, if Defendant has "a legal right to obtain them" or they are documents possessed by an entity over which Defendant and/or counsel for Defendant has control. *See generally, Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Calif. 1995).

**Accordingly**,

**IT IS ORDERED** that the request for subpoena (doc. 25) is GRANTED. The Clerk of the Court shall sign and send Plaintiff three blank subpoenas, stating only the case name and number. Plaintiff is responsible for completing and returning the subpoena and any appropriate fees to the Clerk. Plaintiff is not be responsible for the cost of serving the subpoena. The Clerk of the Court shall include any directions necessary for Plaintiff to complete the subpoenas and return them to the Court for purposes of having it served, pursuant to 28 U.S.C. § 1915(d).

1    **IT IS FURTHER ORDERED** that the request for leave to depose Defendant Borbon by remote means is GRANTED, if such is available.  Plaintiff should refer to Fed. R. Civ. P.28a, and 30, and consider taking the written deposition of Defendant Borbon, pursuant to Rule 31.  Plaintiff is responsible for the cost of depositions.

DATED this 16th day of December, 2010.

David C. Bury
United States District Judge