1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT

7            FOR THE EASTERN DISTRICT OF CALIFORNIA

8                       FRESNO DIVISION

9   Shaun Darnell Garland,            )   Case No. 1:07-CV-750-DCB
                                      )
10              Plaintiff,            )   **ORDER**
                                      )
11  vs.                               )
                                      )
12                                    )
    Michael Knowles, et al.,          )
13                                    )
                Defendants.           )
14                                    )
                                      )
15  _____

16        Defendants have filed a Motion for Summary Judgment (Doc. #28) pursuant to Rule

17  56 of the Federal Rules of Civil Procedure.  The Ninth Circuit Court of Appeals requires the

18  Court to provide *pro se* prisoners with notice of the requirements for a motion for summary

19  judgment.  *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*).

20                   **NOTICE--WARNING TO PLAINTIFF**

21       **THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]**

22        The Defendants' Motion for Summary Judgment seeks to have your case dismissed.

23  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will,

24  if granted, end your case.

25        Rule 56 tells you what you must do in order to oppose a motion for summary

26  judgment.  Generally, summary judgment must be granted when there is no genuine issue of

27  _____

28       [1]   .

1    material fact – that is,  if there is no real dispute about any fact that would affect the result

2    of your case, the party who asked for summary judgment is entitled to judgment as a matter

3    of law, which will end your case.  When a party you are suing makes a motion for summary

4    judgment that is properly supported by declarations (or other sworn testimony), you cannot

5    simply rely on what your complaint says.  Instead, you must set out specific facts in

6    declarations, depositions, answers to interrogatories, or authenticated documents, as provided

7    in Rule 56(c), that contradict the facts shown in the Defendants' declarations and documents

8    and show that there is a genuine issue of material fact for trial.  If you do not submit your

9    own evidence in opposition, summary judgment, if appropriate, may be entered against you.

10   Fed. Rule Civ. P.56(e)(3).  <u>If summary judgment is granted, your case will be dismissed and

11   there will be no trial.</u>

12        Additionally, you must comply with the provisions of Rule 78-230 of the Local Rules

13   of Civil Procedure for the United States District Court for the Eastern District of California,

14   which provide for the parties to file a motion, response, and reply.  No additional briefing on

15   a motion is allowed unless leave of the Court is granted.  <u>Failure to file a response may be

16   deemed a consent to the Court's granting the motion.</u>  <u>If that occurs, the Motion for Summary

17   Judgment may be granted and there will be no trial.</u>

18        **IT IS ORDERED:**

19        The Response, inclusive of supporting memorandum but exclusive of attachments and

20   statement of facts, shall not exceed 17 pages, and the Reply shall not exceed 11 pages.  The

21   Plaintiff must file a Response to Defendants' Motion for Summary Judgment, together with

22   /////

23   /////

24   /////

25

26

27

28

1  admissible evidence,[2] within 30 days of the filing date of this Notice.  The Reply shall be due

2  within 15 days after service of the Response.

3  　　　　DATED this 20th day of December, 2010.

David C. Bury
United States District Judge

_____

27

28  　[2]  To be admissible, declarations and other sworn testimony must be based on personal knowledge.

- 3 -