IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shaun Darnell Garland,<br>      Plaintiff,<br>vs.<br>Warden M. Knowles, et al.,<br>      Defendants. | No. 1:07-CV-750-DCB<br>**ORDER** |

On November 15, 2010, the Plaintiff filed a motion asking the Court to issue subpoenas in the case for Kern Valley State Prison records and to depose Defendant Borbon. On December 20, 2010, the Court issued an Order explaining that it may not conduct discovery for plaintiffs, but that an officer of the Court may serve his subpoenas. The Court directed that blank subpoenas be sent to him for him to complete and return to the Clerk for service. The Court explained that except for their service, the Plaintiff is responsible for the costs associated with them and that subpoenas may not be necessary because he may proceed under Fed. R. Civ. P. 26(b)(1), 28a, and 31.

On December 17, 2010, the Defendants filed a Motion for Summary Judgment. On December 21, 2010, the Court issued an Order explaining that the Plaintiff has a responsibility to respond in opposition to the Motion for Summary Judgment or his case may be summarily dismissed pursuant to Rule 78-230 of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of California.

/////

On December 20, 2010, Plaintiff sought, *ex parte*, an extension of the discovery deadlines in the case because he had requested subpoenas, but they had not been forthcoming. On January 6, 2011, he filed a Response to Defendants' Settlement Letter.

The request for an extension based on the need for subpoenas is moot because as previously explained by the Court they may be unnecessary. The Response to the Motion for Summary Judgment was, however, due by January 17, 2011. The Response filed by Plaintiff on January 6, 2011, purports to be a response to an offer of settlement, but it addresses arguments of exhaustion, which were included in the Defendants' Motion for Summary Judgment.

The Court will afford the Plaintiff one more opportunity to Respond to the Defendant's Motion for Summary Judgment and/or to show cause why he cannot respond. Otherwise, the Court will consider his Response filed on January 6, 2011, to the extent it is responsive to the Motion for Summary Judgment. Defendant may have an opportunity to Reply, and thereafter, the Court will consider the matter fully briefed and ready for a ruling.

**Accordingly,**

**IT IS ORDERED** that the Plaintiff's Exparte Application to Modify Deadline for Discovery is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Plaintiff shall have 30 days from the filing date of this Order to file a Response to the Motion for Summary Judgment or should good cause as to why he cannot respond.

DATED this 28th day of March, 2011.

David C. Bury
United States District Judge