IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shaun Darnell Garland,<br>      Plaintiff,<br>vs.<br>Warden M. Knowles, et al.,<br>      Defendants. | No. 1:07-CV-750-DCB<br>**ORDER** |

On December 17, 2010, the Defendants filed a Motion for Summary Judgment. Defendants argue that the case is subject to dismissal because Plaintiff failed to exhaust his administrative remedies regarding his claim that he was assaulted by Defendant Borbon, who slammed Plaintiff's arm in his cell door. Defendants argue that in any event there is no constitutional violation because the injury was *de minimis.*

On December 20, 2010, Plaintiff filed an *ex parte* motion to modify the discovery deadline, which the Court denied. On December 21, 2010, the Court informed the Plaintiff that the Motion for Summary Judgment is dispositive of his case, Fed. R. Civ. P.56(c),(e)(3), and that he must file a Response or be subject to having the motion summarily granted, Calif. LR Civ.78-230. On January 6, 2011, the Plaintiff filed a Response to Defendant's Settlement Letter, which to some extent addresses the Defendants' Motion for Summary Judgment. He admits he did not request medical treatment for his arm because he did not believe he would get it, but his arm was bruised and hurt for about a month. He explains that documents showing he filed a grievance with the warden regarding the cell-door incident were taken

from his belongings while he was away at a settlement conference in another case. He asserts that the warden's log should reflect receipt of his grievance.

The warden's log was the subject of a subpoena request made by the Plaintiff in November. On December 20, 2010, the Court explained that the warden's log may be discoverable, without a subpoena, pursuant to Fed. R. Civ. P.34(a). The Court also had the Clerk of the Court issue the Plaintiff blank subpoenas, and explained that he was responsible for completing them and returning them to the Clerk of the Court for service. (Order (Doc. 29)). There is no evidence the blank subpoenas were ever completed by the Plaintiff and returned to the Clerk of the Court.

On March 29, 2011, when the Court denied Plaintiff's *Exparte* Motion to Modify the Discovery Deadline, it gave the Plaintiff another opportunity to file a Response to the Motion for Summary Judgment. Again, the Court warned the Plaintiff that failing to file a Response or failing to show good cause why a Response could not be filed would result in the Motion for Summary Judgment being summarily granted. The docket reflects the Plaintiff has not filed a Response.

The Court has reviewed the First Amended Complaint, the Motion for Summary Judgment, and the January 6, 2011, Response to Defendants' Settlement Letter. The Court finds no reason to not summarily grant the Defendants' Motion for Summary Judgment, pursuant to California's LR Civ. 78-230. The evidence before the Court reflects that the Plaintiff failed to exhaust administrative remedies regarding any grievance related to his arm being slammed in the cell door and, in any event, injury to his arm was *de minimis.*

**Accordingly,**

**IT IS ORDERED** that the Motion for Summary Judgment (doc. 28) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 25th day of May, 2011.

David C. Bury
United States District Judge

- 2 -