IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shaun Darnell Garland,<br>    Plaintiff,<br>vs.<br>Warden M. Knowles, et al.,<br>    Defendants. | No. 1:07-CV-750-DCB<br>**ORDER** |

On May 26, 2011, the Court entered Judgment against Plaintiff in this case, summarily granting Defendant Borbon's Motion for Summary Judgment, pursuant to Calif. LR Civ.78-230, after the Court twice gave Plaintiff notice and an opportunity to file a Response to the dispositive motion. Subsequently, on June 3, 2011, the Plaintiff filed a Response to the Motion for Summary Judgment. The Court has reviewed the Plaintiff's Response and finds no basis for reconsideration of its order granting summary judgment for Defendant.

Judgment was entered against Plaintiff because he failed to file a grievance addressing the alleged excessive use of force by Defendant Borbon, thereby, failing to exhaust administrative remedies. "An inmate must exhaust his administrative remedies before suing prison officials and if he does not, the complaint is subject to dismissal." (Ds' Motion for Summary Judgment (Doc. 28-1) at 3 (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)).

In his late Response, the Plaintiff asserts that a copy of the Borbon 602 grievance, which would prove exhaustion, was removed while his property was held by prison staff

1  from March 10, 2009, to June 2, 2009, during his transfer from Kern Valley State Prison
2  (KVSP) to Lancaster, CSP.  Plaintiff ignores admissions contained in the First Amended
3  Complaint that he did not exhaust his claims because: "Administrative remedies for all intent
4  and purposes become unavailable due to ECPOA members control of process & IGI
5  monitors/surveillers, counter intelligence operatives interference."  There is no evidence in
6  the record to support his assertion that the Borbon 602 grievance form was stolen from him;
7  the evidence is to the contrary that, in fact, he did not file a grievance regarding the Borbon
8  incident.

9  Even if the Court were inclined to reconsider its dismissal of the First Amended
10 Complaint on the basis of exhaustion, the Judgment would stand because Plaintiff has
11 admitted only a minor injury from having his wrist clamped in the cell door.  The Eighth
12 Amendment prohibits "unnecessary and wanton infliction of pain" on prisoners.  Neither
13 negligence nor gross negligence will constitute deliberate indifference.  *Farmer v. Brennan*,
14 511 U.S. 825, 837-38 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

15 **Accordingly,**

16 **IT IS ORDERED** that the late filed Response, captioned as "Notice of Motion and
17 Motion in Opposition to Defendants' Motion for Summary Judgment (Doc. 43) is DENIED.

18 **IT IS FURTHER ORDERED** that the Motion for Supplemental Pleading (Doc. 39)
19 is DENIED.

20 DATED this 8th day of June, 2011.

David C. Bury
United States District Judge