# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Shaun Darnell Garland,  )
        Plaintiff,  )  CV 07-750-TUD DCB
v.  )
Warden M. Knowles, et al.,  )  **ORDER**
        Defendants.  )
_____)

The Court denies the Motion for Request for Relief of this Court's Order granting summary judgment for Defendants, entered on May 25, 2011.

Motions to reconsider are generally treated as motions to alter or amend the judgment under Federal Rules of Civil Procedure ("Rule") 59(e). *See In re Agric. Research & Tech. Group, Inc.*, 916 F.2d 528, 542 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986). A motion to amend a judgment based on arguments that could have been raised, but were not raised, before judgment was entered may not properly be granted. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1 at 127-28; *Demasse v. ITT Corporation*, 915 F. Supp. 1040, 1048 (Ariz. 1995) (a Rule 59(e) motion may not be used to raise arguments or present evidence that could have been raised or presented prior to judgment); *Williams v. Poulos*, 11 F.3d 271, 289 (1st Cir. 1993) (proper to deny Rule 59(e) request for relief not requested in amended complaint).

Specific grounds for a motion to amend or alter are not listed in the rule, but generally there are four basic grounds for a Rule 59(e) motion: 1) the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which

the judgment is based; 2) the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence; 3) the motion will be granted if necessary to prevent manifest injustice, such as serious misconduct of counsel may justify relief under this theory, and 4) a motion may be justified by an intervening change in controlling law.  11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1 (citations omitted).

Alternatively, a court can construe a motion to reconsider as a Rule 60 motion for relief from a judgment or order.  Under Rule 60, a party can obtain relief from a court order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Consequently, motions to reconsider are appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence.  *School Dist. No. 1J, Multnomah County, Oregon v. AcandS Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).  A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through--rightly or wrongly". *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *cf., Agric. Research & Tech. Group,* 916 F.2d at 542.  Arguments that a court was in error on the issues it considered should be directed to the court of appeals.  *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F. Supp. 6, 7 (N.D. Ill. 1983).

Plaintiff argues that the Court should reconsider its Order granting summary judgment because on April 28, 2011, he filed a Motion for Enlargement of Time to file on Opposition to Defendants' Motion for Summary Judgment, which was returned to him and never received by the Court.  He alleges that prison staff impeded his access to the Court.

He notes that on May 26, 2011, he filed his Opposition to Defendants' Motion for Summary Judgment, but the Court had already ruled, summarily, on May 26, 2011, to grant Defendants' Motion for Summary Judgment.

Plaintiff fails to recognize that on December 21, 2010, and on March 29, 2011, the Court denied him extensions of time to file the Opposition. The Court cannot imagine any reason why a request for an extension of time filed in April would have been successful. The Motion for Summary Judgment was based on arguments that he had failed to administratively grieve the alleged incident where his arm was slammed in the cell door and because his alleged injury was *de minimis.* Both were essentially admitted by the Plaintiff. The Court received the Opposition to the Motion for Summary Judgment that the Plaintiff sent on May 26, 2011, and considered it. On June 8, 2011, the Court denied reconsideration of its Order granting summary judgment for Defendants. *See* (Order (Doc. 35) at 2 (granting summary judgment)).

The Court has reviewed the Plaintiff's "Motion for Request for Relief," filed on June 13, 2011. The facts and circumstances surrounding Plaintiff's claims have not changed since this Court's Orders concerning these matters; there are no new facts which were discovered since the Court's disposition of the motion for summary judgment. The "Request for Relief" offers nothing new since the Motion for Supplemental Pleading and Opposition to the Motion for Summary Judgment, (Docs. 37-43), which this Court considered and rejected as

/////

/////

/////

/////

/////

3

a basis to reconsider the granting of summary judgment for Defendants. The Court finds that there has been no manifest error of law.

**Accordingly,**

**IT IS ORDERED** that the "Request for Relief" (Doc. 45) is DENIED.

DATED this 15th day of June, 2011.

David C. Bury
United States District Judge

4